T.C. Summary Opinion 2009-184

UNITED STATES TAX COURT


JOSE DIAZ CARO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24720-08S.                 Filed December 3, 2009.



George L. Willis and Taylor Jensen (specially recognized), for petitioner.

Nicole C. Lloyd, for respondent.


KROUPA, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $15,041 deficiency in petitioner's Federal income tax for 2006 and a $3,008 accuracy-related penalty under section 6662(a). After concessions, we are left to decide whether petitioner had gambling losses in excess of those allowed in the deficiency notice. We find that he did.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and their accompanying exhibits are incorporated by this reference. Petitioner resided in California at the time he filed the petition.

Petitioner was a professional gambler who had been betting on horses for over 20 years. Petitioner carefully preserved each day's losing tickets inside that day's racing program as well as W-2Gs. Petitioner then recorded the total amounts of losses and winnings on the front of the program at the end of the day. Finally he taped the programs shut, sealing the tickets inside. Petitioner kept accurate contemporaneous records. Petitioner learned to keep accurate records after the Internal Revenue Service (IRS) audited his return for an earlier year and he received a no-change letter.

Petitioner gambled every day that the ponies ran. When he won, he would often "reinvest" those winnings, losing much or all of what he had won. Petitioner did not own a home or a car in 2006. He rented an apartment with a friend for 34 years and often received help from his five grown children in paying his bills.

Petitioner provided all of his daily programs and tax records for 2006 to his return preparer. The return preparer made several mathematical and computational errors on petitioner's tax return for 2006. The return preparer incorrectly reported petitioner's gambling income and itemized deductions, including his gambling losses. The return preparer never returned petitioner's records for 2006 despite petitioner's repeated requests. He has not yet been able to contact or locate the return preparer, who provided no forwarding information when he left the area.

Respondent received information from third-party gambling establishments reporting that they had collectively paid petitioner $329,527 in 2006, which is $70,883 more than petitioner reported. Respondent did not disallow in the deficiency notice any of the gambling losses petitioner claimed on the return for 2006. Petitioner timely filed a petition.

## Discussion

We must decide whether petitioner is entitled to deduct gambling losses in addition to those reported on the return for 2006. We begin with petitioner's gambling income. Gross income includes all income from whatever source derived. Sec. 61(a). Gambling winnings are includable in gross income. See Lyszkowski v. Commissioner, T.C. Memo. 1995-235, affd. without published opinion 79 F.3d 1138 (3d Cir. 1996). Petitioner concedes that his preparer incorrectly reported his gambling income. He contends, however, that his return preparer also incorrectly reported his gambling losses and that these losses were sufficient to offset the unreported gambling income. Respondent argues that petitioner may not deduct any additional losses because petitioner lacks any records. We disagree.

A taxpayer is entitled to deduct uncompensated losses during a given tax year. Sec. 165(a). Gambling losses are allowed only to the extent of gambling gains. Sec. 165(d). A taxpayer must prove gambling losses sustained during the taxable year to be entitled to a deduction. Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), affg. T.C. Memo. 1969-26; Briseno v. Commissioner, T.C. Memo. 2009-67. Where, as here, records are lost, taxpayers are not entirely without a remedy. This Court may allow a reasonable amount of deductible losses based on an estimate if the taxpayer has no records to prove the actual amount of the

deduction. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930); Briseno v. Commissioner, supra. We have done so where we have been satisfied that a taxpayer has incurred unsubstantiated gambling losses. See Drews v. Commissioner, 25 T.C. 1354 (1956). This is a purely factual issue to be decided upon the facts and circumstances of each case. Green v. Commissioner, 66 T.C. 538, 544 (1976); Fogel v. Commissioner, T.C. Memo. 1955-186, affd. per curiam 237 F.2d 917 (6th Cir. 1956).

Petitioner habitually kept adequate records of his gambling losses. He kept the losing tickets and the W-2Gs and would tape the daily booklet shut each day. His return preparer entered the records for 2006 incorrectly and then failed to return them to petitioner. We are therefore unable to determine the exact amount of petitioner's gambling losses because of the missing records. In these circumstances, we may make as close an approximation of the losses as we can. Cohan v. Commissioner, supra at 544; Doffin v. Commissioner, T.C. Memo. 1991-114.

Petitioner was a compulsive gambler who gambled every day possible. We are confident after hearing his testimony that petitioner placed as many losing bets as he did winning ones. When he did win, he would place more bets, losing most of what he had won. Petitioner did not own a home or a car. He did not live a lavish lifestyle. Instead, he often depended on his grown children for help in paying his bills. We are convinced that

petitioner sustained unreported gambling losses that were sufficient to offset his unreported gambling income for 2006. Petitioner's credible and convincing testimony regarding the extent of his gambling losses, together with the other evidence, provides a sufficient basis for this decision.  See, e.g., <u>Drews v. Commissioner</u>, <u>supra</u>.  We therefore conclude that petitioner is not liable for a deficiency in tax for 2006.  Accordingly, we also conclude that petitioner is not liable for an accuracy-related penalty under section 6662(a).

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>
<u>for petitioner</u>.